IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
FLEETWOOD TRANSPORTATION CORP.    )
AND TRANSPORTATION CONSULTANTS,   )
INC.,                             )
                                  )
               Plaintiffs,        )
                                  )
         v.                       )    1:11MC45
                                  )
PACKAGING CORPORATION OF          )
AMERICA,                          )
                                  )
               Defendant.         )
```

### MEMORANDUM OPINION AND ORDER
### OF UNITED STATES MAGISTRATE JUDGE

The instant case comes before the Court on the Motion to Quash Plaintiffs' Deposition Subpoenas to Non-Parties Salem Carriers, Inc., Salem Leasing Corporation and Mitzi Keller (Docket Entry 1) filed by non-parties Salem Carriers, Inc. and Salem Leasing, Inc. (collectively "Salem") and their employee Mitzi Keller ("Keller").[1] For the reasons that follow, the instant motion will be granted.

### Background

Plaintiff Fleetwood Transportation Corporation ("Fleetwood") and Salem are competitors in the transportation services industry. (Docket Entry 3 at 2.) Transportation Consultants, Inc. ("Transportation") is the holding company for Fleetwood. (Id. at 2 n.1.) In July 2007, Fleetwood and Transportation (collectively

---

[1] Salem and Keller are collectively referred to as "Movants."

"Plaintiffs") filed a business interference lawsuit in South Carolina state court against Salem alleging that Salem conspired with Plaintiffs' former employees to acquire the business of Plaintiffs' client, Packaging Corporation of America, Inc. ("Packaging Corporation"). (Id. at 2.) The action between Plaintiffs and Salem was resolved via a confidential settlement agreement in August 2009. (Id. at 2-3.)

Based on the same factual circumstances as Plaintiffs' prior action against Salem, Plaintiffs filed a second lawsuit, currently pending in the United States District Court for the District of South Carolina, solely against Packaging Corporation. (See Docket Entry 3 at 3.) In connection with that action, pursuant to Fed. R. Civ. P. 45, "Plaintiffs served two identical subpoenas for the Rule 30(b)(6) depositions of Salem Carriers[, Inc.] and Salem Leasing [Corporation]. At the same time, Plaintiffs served a subpoena for the individual deposition of Salem employee, [] Keller." (Id. at 3-4 (internal citations omitted).)[2] Plaintiffs served the subpoenas at issue on June 23, 2011. (See id.; see also Docket Entries 3-10 at 2, 3-11 at 2, 3-12 at 2.) Discovery in the underlying action between Plaintiffs and Packaging Corporation closed on March 14, 2011. (See Docket Entry 3-9 at 1.)

---

[2] On October 18, 2010, Plaintiffs had served a subpoena duces tecum on Salem. (See Docket Entry 1 at 3.) Salem moved to quash that subpoena on the grounds "that it requested confidential business information and imposed an undue burden on Salem." (Id.) The Court, by way of Minute Order of United States Magistrate Judge Wallace W. Dixon issued on June 14, 2011, denied Salem's motion. (Id.)

-2-

Salem now "respectfully move[s] the Court for an order quashing the subpoenas served on June 23, 2011" (Docket Entry 1 at 1) on the grounds that, because the subpoenas were served after the close of discovery in the underlying action between Plaintiffs and Packaging Corporation, "Plaintiffs have no right to the requested depositions" (Docket Entry 7 at 2). The Court, interpreting said argument as a contention that the subpoenas should be quashed as untimely, finds merit in Movants' position.[3]

## Discussion

In considering whether a Rule 45 subpoena constitutes discovery (subject to the applicable discovery deadline), the majority of courts, including other district courts in the Fourth Circuit, have answered yes. See, e.g., Karagiannopoulous v. City of Lowell, No. 3:05-CV-401-FDW-DCK, 2008 WL 948261, at *2 (W.D.N.C. Apr. 2, 2008) (unpublished) (quashing Rule 45 subpoena served on third-party three days after discovery period ended on basis that Rule 45 subpoena constitutes discovery); Garvin v. Southern States Ins. Exch. Co., No. 1:04cv73, 2007 WL 2463282, at *3 (N.D.W. Va.

---

[3] Movants also argue that the Court should quash the subpoenas because "1) the categories of information requested are not relevant to the [c]urrent [l]awsuit; 2) the subpoenas request testimony about confidential business information, which Salem should not be required to divulge to Plaintiffs, who are Salem's direct competitors in the transportation industry; 3) the requested depositions impose an undue burden on Salem and [] Keller; and 4) Plaintiffs are prohibited by the terms of their earlier settlement with Salem from pursuing enforcement of the subpoenas." (Docket Entry 3 at 4-5.) The Court, in making a determination as to the timeliness of Plaintiffs' subpoenas, does not address, and expresses no opinion regarding, the merits of Movants' arguments with respect to relevance, burden, the divulging of confidential information, or the appropriateness of pursuing the subpoena in light of the settlement agreement between Plaintiffs and Salem.

Aug. 28, 2007) (unpublished) ("The issuance of the subpoena, pursuant to Rule 45 in the context of this case, constitutes discovery."); Dreyer v. GACS, Inc., 204 F.R.D. 120, 122 (N.D. Ind. 2001) (stating that "[m]ost courts hold that a subpoena seeking documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines"); see also Mortgage Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562, 566 (W.D.N.C. 2002) ("After reviewing the relevant case law on both sides of this issue, the Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery.").[4]

Upon the determination that a Rule 45 subpoena constitutes discovery, courts have routinely held that said subpoenas served outside of the discovery period are untimely. See Karagiannopoulos, 2008 WL 948261, at * 1 ("Plaintiff's subpoena is subject to the 'Pretrial Order and Discovery Plan' . . ., the extension of the discovery deadline to March 14, 2008, and the requirements of Federal Rule of Civil Procedure 45. As such, the subpoena served on or after March 17, 2008, at least three days

---

[4] Under certain circumstances, inapplicable on the instant facts, a Rule 45 subpoena may not constitute discovery. For instance, "a Rule 45 subpoena may be employed to secure the production at trial of original documents previously disclosed by discovery." Kitchens, 210 F.R.D. at 567 (citing Puritan Inv. Corp. v. ASLL Corp., No. Civ. A. 97-1580, 1997 WL 793569 (E.D. Pa. December 9, 1997) (unpublished)). A review of the topics covered in Plaintiffs' subpoenas to Salem (see Docket Entry 3-10 at 3; Docket Entry 3-11 at 3), as well as Plaintiffs' briefing on the issue (see Docket Entry 6), makes it clear that Plaintiffs seek information for discovery purposes and, therefore, the subpoenas at issue do not fall within the exception noted.

-4-

after the discovery deadline, is untimely."); Dreyer, 204 F.R.D. at 123 ("'To allow a party to continue with formal discovery - that is, discovery which invokes the authority of the Court - whether in the guise of Rule 45 or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial.'" (quoting Marvin Lumber and Cedar Co. v. PPG Industries, Inc., 177 F.R.D. 443, 445 (D. Minn. 1997))(internal brackets omitted)); see also Kitchens, 210 F.R.D. at 566 ("Because the subpoena duces tecum was not timely served in this case, Defendant's Motion for a Protective Order will be granted and the subpoena will be quashed.").

On the instant facts, Movants represent that the discovery period in the action between Plaintiffs and Packaging Corporation closed on March 14, 2011. (See Docket Entry 3 at 12; see also Docket Entry 3-9 at 1.) As noted above, the subpoenas were served by Plaintiffs on June 23, 2011 (see Docket Entries 3-10 at 2, 3-11 at 2, 3-12 at 2), more than three months after the close of discovery (see Docket Entry 3 at 12).

Plaintiffs do not dispute that the discovery deadline had passed prior to their serving of the subpoenas (see Docket Entry 6 at 11), but note that "the Amended Scheduling Order . . . clearly permits the parties to engage in discovery, with the consent of all

-5-

counsel, up to the time of trial" (id.). Plaintiffs are correct in this regard, as the Amended Scheduling Order, as provided to this Court, states: "The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this order are not affected." (Docket Entry 3-9 at 1.) However, while Plaintiffs note that "[Packaging Corporation] has failed to object to the taking of [Movants'] depositions" (Docket Entry 6 at 11), they have not shown, or even asserted, the affirmative consent of Packaging Corporation (see id.). Furthermore, the record bears no indication that Plaintiffs have requested an extension of the discovery deadline in the underlying action. (See Docket Entry 6.)

## Conclusion

Under these circumstances, the Court must conclude that the discovery period in the action between Plaintiffs and Packaging Corporation has closed. Because a Rule 45 subpoena seeking discovery served after the close of discovery is untimely,

**IT IS ORDERED** that the Motion to Quash Plaintiffs' Deposition Subpoenas to Non-Parties Salem Carriers, Inc., Salem Leasing Corporation and Mitzi Keller (Docket Entry 1) is **GRANTED** and the subpoenas served to Salem Carriers, Inc., Salem Leasing Corporation and Mitzi Keller on June 23, 2011, are hereby **QUASHED**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 12, 2011

-6-

Case 1:11-mc-00045-UA-LPA   Document 9   Filed 12/12/11   Page 6 of 6